### HUBERT ROBINSON V. THE STATE.
#### *No. 529.    Decided January 16.*

1. **Attempt to Commit Burglary with Intent to Steal—Consent of Owner—Detective.**—On a trial for attempt to commit burglary with intent to steal, where it appeared that a pretended confederate had informed the owner of the proposed attempt, to which the owner replied, "Just let him come along and we will try and catch him; don't insist on his coming nor encourage him to come; let it be of his own free will and accord, and voluntarily; let him come ahead; don't stop him;" *Held*, that this was not giving consent by the owner to the entry of his house and the taking of his money therefrom. See this case as distinguished from Speiden v. The State, 3 Texas Criminal Appeals, 156.

2. **Same.**—It is not consent to the taking for the owner to obtain the aid of a detective, who, for the purpose of detection, joins the defendant in a criminal act designed by the defendant and carried into execution. Following Pigg v. The State, 43 Texas, 108.

3. **Same—Charge.**—On a trial for attempt to commit burglary with intent to steal, where it appeared that after the agreement between defendant and the pretended confederate to commit the crime the latter informed the owner of the conspiracy, and was employed by said owner to assist in the detection of the defendant, and the court charged the jury, "If you believe that without the knowledge or consent of the said McDowell (the owner), the said defendant Robinson and the said Cox (confederate) entered into an agreement to commit the offense of burglary, by breaking and entering said McDowell's house for the purpose of committing the crime of theft of the property described in the indictment, and that subsequent to such agreement and prior to such alleged attempt the said McDowell was informed of such agreement, if any such was made, and merely employed said Cox to assist in the ar-

rest of defendant in the event he made the attempt alleged, and did not authorize said Cox to make such attempt, or authorize or consent to his influencing, inducing, or suggesting such offense to defendant, and that such attempt, if any, was not made in pursuance of any suggestion or influence of the said Cox, but that such attempt was made entirely in pursuance of and in compliance with an agreement made between defendant and Cox, before McDowell had any knowledge or information of such alleged intended attempt, then the employment of Cox to assist in the arrest, without giving consent to enter the house, would not entitle the defendant to an acquittal;" *Held,* said charge was correct, and in strict conformity with previous cited decisions of this court.

4. **Evidence—Fact Case.**—See evidence which, in the opinion of the court, is held amply sufficient to support a verdict and judgment of conviction for an attempt to commit burglary and theft.

APPEAL from the District Court of Lampasas.  Tried below before Hon. W. A. BLACKBURN.

Appellant was jointly indicted with one W. B. Cox for an attempt to burglarize the house of W. J. McDowell, with intent to steal.  He was alone put upon trial, and the trial resulted in his conviction, the punishment assessed being a term of two years in the penitentiary. Cox, the codefendant, was the principal witness for the State, and his testimony is substantially as follows:

On Saturday appellant told him that McDowell held two notes of $250 each against appellant's father, and that McDowell kept the notes in a shoe box over a certain window in his house, and if witness were to go there and get the notes, he would give him $100; that he (witness) did not know at first just what to reply and was afraid to refuse outright, but suggested that they tell John Bybee and get him to go along; that appellant came back to the house of witness on Sunday to perfect the plan, and the matter was talked over then; that on the next day (Monday) witness went over to see McDowell and told him what appellant had proposed to him about getting the notes, and McDowell said it was not notes but money that he had, and that if appellant would come of his own will let him come along, but for witness not to encourage him; and that witness and McDowell had some right smart talk about the matter, that he (witness) could not recall.

The witness then proceeded as follows: "I met defendant next day, Tuesday morning, and defendant, Bybee, and myself went over to a little vacant store and talked over the arrangements.  I told defendant that I had come pretty near getting hold of that book he wanted, and that I had learned it did not contain notes, but money; and defendant said yes, it was money, and the money was what he wanted.  We then agreed to go over to W. J. McDowell's that night and break into his house to get the money.  I then went straight home, and Bybee went over to tell McDowell.  Bybee came back to my house in the course of an hour, and defendant and myself made a ladder to get up to the window.  We (defendant and myself) then went to W. J. McDowell's house." [Witness then proceeded to state what occurred at the time of the alleged attempt at the house of McDowell.]

Cross-examined, witness testified: "McDowell said, when I first told him about the matter on Monday, that he did not believe the defendant would come to burglarize him. He said, 'If defendant wants to come of his own free will, let him come, and come with him, but don't encourage him.' I did not encourage him (defendant) to go, and did not discourage his going."

Jeff McDowell testified: "I did not give my consent for Robinson or any other person to enter my house on the night of November 15, 1892. Cox first came down to see me at the gin. Cox then told me the whole plan, and that Robinson had proposed to him to rob my house. I did not believe it. Cox insisted that defendant was in earnest. I then told Cox to just let him come along and we would try and catch him, and not insist on his coming, and not encourage him to come. I said, if he comes, let it be of his own free will and accord, and voluntarily. I just said, let him come ahead; not to stop him."

On cross-examination, the same witness testified: "I was expecting the robbery or the attempt to be made, and expected Cox to assist in the capture. I told Cox I would give him $10 if we succeeded in capturing the defendant."

John Bybee, for the State, testified as follows: "I was living with Ben Cox in 1892. I am but slightly acquainted with W. J. McDowell. I have never been to his house, but I have been to McDowell's gin. Defendant Robinson first spoke to me on Sunday about attempting to rob McDowell's house. I had first met him the evening before. He just asked me what I thought about his scheme that Cox had been talking to me about, and then explained that McDowell held notes against his father; that these notes were unjust, and he wished to get hold of them, and explained his plan. I would not agree to have anything to do with it. He then asked me if a man held unjust notes against my father what would I do, and I told him if they were unjust I reckon I would destroy them or get away with them if I could. The next time I saw defendant was Tuesday. He, Ben Cox, and myself went into a vacant store out by the depot, and he (defendant) marked off on the ground a plat of McDowell's yard and premises, showed where the window was over which the book was kept, and planned the details, and we agreed to go that night to McDowell's house. I heard Cox tell defendant it was not notes but money that was kept above the window, and he said yes, he knew it, and that it was money he was after. He agreed to pay Cox and myself $50 each to help him. Then I went to McDowell's gin and told him that defendant and Cox were coming to his house that night."

Defendant requested the following special instructions, which were refused by the court, viz:

"1. If you find from the evidence, that prior to the commission of the acts upon which the State relies to show an attempt to commit burglary, the defendant Cox entered into the employ of or became employed by McDowell, and by virtue of such employment, and in accordance

with the terms thereof, made an agreement with the defendant Robinson that they would at night, by force, threats, and fraud, break and enter McDowell's house with the intent to fraudulently take therefrom corporeal personal property therein being and belonging to said Mc-Dowell, with intent to deprive said McDowell of the value thereof and appropriate the same to the use and benefit of defendants, or either of them; and if you further find, that in pursuance of such agreement the defendants did attempt to enter said house with the intent aforesaid, still, if you find that prior to such attempt McDowell gave to either defendant Robinson or the said Cox his consent to enter said house at the time said attempt was made, then you must acquit the defendant.

"2. To authorize a conviction in this case, the State must prove that neither Robinson nor Cox had the consent of McDowell to their entry into his (McDowell's) house at the time the attempt to commit burglary is alleged to have been committed. If either Robinson or Cox had such consent, then you will return a verdict of not guilty. And if McDowell had only made known the consent to Cox, and Robinson did not know of such consent, still he (Robinson) must be acquitted."

*Lewis Wood* and *Mathews & Browning*, for appellant.—That portion of the charge [see Syllabus, number 3.—REPORTER] is erroneous, in that it does not correctly state the law, was not applicable to the case made by the evidence, and was calculated to impress the jury with the idea that, without the knowledge or consent of McDowell, an agreement was made between Robinson and Cox to commit the offense of burglary by breaking and entering McDowell's house for the purpose of committing theft; when the testimony shows, that Cox was in the employ of and acting under the direction of McDowell when said agreement was made. Speiden v. The State, 3 Texas Crim. App., 157.

The evidence did not show an attempt to commit burglary, but only a preparation to commit said offense. Lovett v. The State, 19 Texas, 174; 1 Bish. Crim. Law, secs. 435, 764; The People v. Murray, 14 Cal., 159; Hicks v. The Commonwealth, 86 Va., 223; Stabler v. The Commonwealth, 40 Am. Rep., 655.

The court erred in overruling the motion for a new trial, because the evidence shows that the codefendant Cox had the authority and consent of McDowell to enter the house at the time of the alleged attempt at burglary, and before the agreement, if any, was made to commit said offense.

No brief on file for the State.

DAVIDSON, JUDGE.—This conviction was for an attempt to commit the crime of burglary with intent to steal. Appellant proposed to one Cox, who informed McDowell, the owner of the premises to be burglarized and the money therein situated, of the intended burglary.

McDowell replied to Cox by saying, "Just let him [defendant] come along and we will try and catch him, and not insist on his coming, and not encourage him to come; if he comes, let it be of his own free will and accord, and voluntarily." I just said, "Let him come ahead; not to stop him."

There is no conflict in the testimony of McDowell and Cox upon this issue.

Appellant was not induced by McDowell or Cox to commit the crime, but was the instigator and prime mover in the whole affair.

Under this state of case, appellant did not have the consent of the owner to enter his house or to take his money therefrom.

This is a different case from that of Speiden v. The State, 3 Texas Criminal Appeals, 156, and authorities cited. In Speiden's case, the defendant entered a bank at the solicitation of a detective rightfully in possession, and with the consent of the owner. There are no such facts in this case.

In Pigg's case, 43 Texas, 108, it was held, that "it is not consent to the taking for the owner to obtain the aid of a detective, who, for the purpose of detection, joins the defendant in a criminal act *designed by the defendant*, and carried into execution by actual theft." See also Johnson v. The State, 3 Texas Crim. App., 590; Allison v. The State, 14 Texas Crim. App., 123; Conner v. The State, 24 Texas Crim. App., 245.

The charge complained of is correct. It sets forth very clearly the rule contained in the cited cases. It follows, therefore, the court did not err in refusing special instructions requested by appellant, because they were not applicable to the facts of this case. Cox did not, either of his own motion or at the suggestion of McDowell, the owner, propose the burglary to the appellant, but simply agreed with him to commit the burglary, not intending or contemplating, at the time, its accomplishment.

The evidence is amply sufficient to support the verdict; the case was carried beyond mere preparation to enter the house, and shows an actual attempt to make an entry.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.